**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2012

No. 11-20235

Lyle W. Cayce
Clerk

APRIL WALKER,

Plaintiff - Appellant,

v.

HARRIS COUNTY; TOMMY THOMAS, Harris County Sheriff,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3763

Before STEWART, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

April Walker sued Harris County and Sheriff Tommy Thomas alleging federal civil rights violations. After dismissing Walker's claims against Sheriff Thomas, the district court granted summary judgment in favor of the County. We AFFIRM.

I.

April Walker is a municipal judge and law professor at Texas Southern University. According to her complaint, on January 1, 2008, she called the police

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 11-20235

to report an encounter she had with several individuals who were blocking the street near her home. Two hours later, in the middle of the night, a sheriff's deputy arrived at her house to arrest her for impersonating a public servant. Walker responded that as a municipal judge she is a public servant.[1] She then asked the deputy to return at daytime to pursue the investigation and called 911 to report the deputy's behavior. Another deputy arrived, entered Walker's home, and threw her down on the living room floor in front of her children. The deputy broke Walker's municipal court badge in half. Walker was charged with impersonating a public servant, but the charges were dismissed on January 3.

Walker filed a complaint with Sheriff Thomas. Thereafter, she alleges that the sheriff's department retaliated against her by threatening her employment at TSU and warning her that the charges would once again be filed if she did not withdraw her grievance. She refused and was charged with impersonating a public servant, but the charges were dismissed for lack of probable cause.[2] In April 2008, Walker filed a federal lawsuit alleging retaliation and civil rights violations, but she agreed to dismiss that action without prejudice several months later.

In July 2008, Walker was involved in another incident with the sheriff's department. Walker learned that sheriff's deputies were called to one of her neighbor's houses and had detained her son and other teenage boys. She arrived at the scene and tried to speak with the teenagers in the back of the patrol car. The deputies told her she was at the scene of an active investigation and ordered

---

[1] According to Sheriff Thomas's brief, Walker was arrested and charged with impersonating a *police officer* under Tex. Penal Code § 37.11, which prohibits impersonating any public servant. That Walker was a municipal judge does not, of course, permit her to impersonate a police officer.

[2] The complaint is unclear as to whether the charges were brought and dismissed twice or only once. It is possible that this allegation merely reiterates the initial filing and dismissal of the charges.

her back. She fled, followed by a sergeant, who caught up with her in her driveway, grabbed her, and "manhandled" her. Walker alleges that the officers recognized her as "the Judge" and treated her as they did in retaliation for her filing a civil rights lawsuit against the department. She was subsequently arrested and charged with leaving the scene of a crime. A grand jury terminated the charges in Walker's favor.

Walker sued in federal court, alleging governmental liability under 42 U.S.C. §§ 1983, 1985, and 1988 for violations of her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. In conclusory fashion, she alleged that these violations resulted from an official policy, custom, or practice of the sheriff's department and that Sheriff Thomas ratified these violations. Walker also asserted numerous state law claims.[3] The district court dismissed the claims against Sheriff Thomas and Harris County sought summary judgment. Walker responded by requesting a continuance to conduct discovery; the court granted her request. On February 18, 2010, during a hearing on a discovery dispute, the court expressly authorized Walker to take the deposition of Sheriff Thomas as well as other discovery. The court set a discovery deadline of September 24, 2010.

Even though the district court had authorized the deposition eight months before the discovery deadline, Walker failed to take the deposition. Once discovery closed, Harris County again sought summary judgment and, again, Walker sought a continuance to respond and conduct discovery. The court found no good cause existed for Walker's eight-month failure to conduct any discovery

---

[3] Walker filed suit in state court against Deputy Corey Alexander and Sergeant Cook, who were directly involved in the January and July incidents, respectively. The state district court denied the officers' motion for summary judgment, in which they argued that the election of remedies provision of the Texas Tort Claims Act bars Walker's suit against them. The state court of appeals affirmed, and the officers' petition for review is pending before the Texas Supreme Court. *See Alexander v. Walker*, 355 S.W.3d 709 (Tex. App.—Houston [1st Dist.] 2011, pet. pending).

No. 11-20235

and denied her request for additional time to conduct discovery. The court did, however, grant a continuance to file a supplemental response to the motion for summary judgment. After reviewing the motion and response, the magistrate judge recommended granting summary judgment to Harris County. The district court adopted the magistrate judge's recommendation. Walker timely appealed.

II.

Walker raises two issues on appeal. First, she argues that the district court erred in granting summary judgment to Harris County.[4] Second, she argues that the district court abused its discretion by denying further discovery.

A.

The district court determined that there was no basis in the summary judgment record to support a claim for municipal liability against Harris County. We review the district court's grant of summary judgment *de novo*. *Hoog-Watson v. Guadalupe Cnty., Tex.*, 591 F.3d 431, 434 (5th Cir. 2009). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Generally, municipalities, such as Harris County, are not liable for the constitutional torts of their employees unless those employees act pursuant to an official action or with approval. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n. 7 (1978). In order to assert a claim for municipal liability under § 1983, a plaintiff must establish proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of a constitutional right whose

---

[4] Walker also asks this court to reverse the district court's dismissal of Sheriff Thomas in his individual capacity. Walker has not, however, identified any error in the district court's qualified immunity analysis. Walker has thus abandoned this contention. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it.").

No. 11-20235

"moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (citing *Monell*, 436 U.S. at 694).

Harris County moved for summary judgment because Walker's claims are conclusory, there is no evidence of the existence of any unconstitutional policy or custom, and the actions that Walker claims to be unconstitutional do not amount to a persistent and widespread practice. Aside from her conclusory allegations, Walker did little to factually detail the policy or custom she claimed was involved and how the particular injury was caused by the execution of that policy. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). Thus, Walker cannot point to a policy, custom, or persistent and widespread practice that could serve as a basis for municipal liability.

Moreover, even assuming that Walker could establish the existence of a policy or custom, she has failed to present summary judgment evidence that the policy was the moving force behind the constitutional violation. *E.g. James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) ("[T]here can be no municipal liability unless it is the moving force behind the constitutional violation. . . . In other words, a plaintiff must show direct causation, i.e., that there was 'a direct causal link' between the policy and the violation." (quoting *Piotrowski*, 237 F.3d at 580)). Absent summary judgment evidence that the deputy who arrested her had any knowledge of the alleged county policy of not disciplining deputies, it was impossible for Walker to establish the required causal link.

Walker also argues that Harris County is liable based on Sheriff Thomas's ratification of the deputies' actions. We have stressed that the ratification theory of municipal liability is only available in "'extreme factual situations.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009) (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)). Walker cites Sheriff

Thomas's deposition testimony from an unrelated case, claiming it creates a genuine fact issue regarding ratification. *See Ibarra v. Harris Cnty.*, 243 F. App'x 830, 836 (5th Cir. 2007) (per curiam) (unpublished). But Sheriff Thomas's testimony that he supported his deputies so long as they "acted in good faith" does not mean that he ratified an illegal act. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986) (precedent "does *not* stand for the broad proposition that if a policymaker defends his subordinates and if those subordinates are later found to have broken the law, then the illegal behavior can be assumed to have resulted from an official policy"). "Our precedent thus forecloses ratification liability in this case." *Peterson*, 588 F.3d at 848.

Walker has not produced summary judgment evidence that could support municipal liability.[5] The district court properly granted summary judgment to Harris County.

## B.

Walker also contends that the district court erred in denying her motion for additional discovery. In February 2010, the district court authorized Walker to take Sheriff Thomas's deposition. At an April status conference, the district court set a September 24, 2010 discovery deadline and admonished counsel to contact the court as often as necessary to resolve any discovery problems as they occurred. Not until October 31, 2010, more than one month after the deadline, did Walker complain to the court that defense counsel had failed to cooperate in scheduling depositions. Despite the eight-month period of time, no depositions were taken. We have held that a party who does not diligently pursue discovery is not entitled to relief. *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Because Walker failed to contact the district court prior to

---

[5] Insofar as Walker challenges the district court's rejection of her claims for failure to train or supervise and failure to adequately investigate, she has inadequately briefed those contentions and hence abandoned them. *See Scroggins*, 599 F.3d at 446.

No. 11-20235

the discovery deadline, it was not an abuse of discretion to deny further discovery.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.